BARNARD CHARLES MUIR, Plaintiff, v. BESSIE PLEASANTON MUIR, Defendant.

---

[1] 41 *Delaware Laws, Chapter* 258, *Sec.* 4(*c*), *Chapter* 162, *Sec.* 3.

(*February* 20, 1952.)

HERRMANN, J., sitting.

*Daniel J. Layton, Jr.*, for the Plaintiff.

*Max Terry* for the Defendant.

Superior Court for Sussex County, No. 328, Civil Action, 1951.

HERRMANN, J.:

This is an action for divorce on the ground of habitual drunkenness. The evidence shows conclusively that the defendant has been guilty of habitual drunkenness for a period of two years prior to the filing of the complaint.

The defendant attempts to invoke the provisions of 1935 *Code* 3501: "No decree for divorce shall be granted, if it appears

to the satisfaction of the Court * * * that the plaintiff has procured or connived at the offense charged, or has condoned it * * *."

Three questions are presented for decision:

I. Is connivance a defense in a divorce action brought upon the ground of habitual drunkenness?

II. If so, does the evidence in this case establish connivance by the plaintiff?

III. Does continued cohabitation constitute condonation where the plaintiff has knowledge of the defendant's habitual drunkenness?

In the law of divorce, connivance is the plaintiff's corrupt consent, express or implied, to the offense charged against the defendant. While it is true that this defense is usually found in adultery cases, it is generally recognized that this defense is applicable in divorce actions brought upon other grounds. 17 *Am. Jur.*, *"Divorce and Separation"*, § 220; 1 *Nelson, Divorce and Annulment,* (*2d Ed.*) § 7.04. The language of 1935 *Code* 3501 is broad and unequivocal. It seems clear that the Statute bars the granting of a decree in any divorce action, whatever the cause may be, if it is found that the plaintiff "procured or connived at the offense charged". It is held, therefore, that the defense of connivance is applicable in divorce actions brought on the ground of habitual drunkenness.

The evidence in the pending case shows that the plaintiff knew of the defendant's weakness, that he frequently brought intoxicating liquor into the home for family use, and that he took the defendant to social affairs and public places where intoxicants were served and permitted her to drink with him. It appears that, on such occasions, the plaintiff often cautioned the defendant against overindulgence. It also appears that the defendant indulged in the excessive use of intoxicating liquors on many occasions, at home and elsewhere, in the ab-

sence of the plaintiff.

The defendant urges that, by thus making liquor available to her, the plaintiff is guilty of having procured or connived at the offense with which she is charged. I cannot agree. An essential element of connivance is a corrupt intent in the mind of the plaintiff that the defendant should commit the offense charged. *Dennis v. Dennis,* 68 *Conn.* 186, 36 *A.* 34, 34 *L. R. A.* 449. Neither the evidence nor the inferences which may be reasonably drawn therefrom will support the conclusion that the plaintiff had the corrupt intent that his wife should acquire "such fixed, irresistible custom of frequent indulgence in intoxicating liquor with consequent drunkenness as to evidence a confirmed habit and inability to control the appetite for intoxicants." *Lecates v. Lecates,* 8 *W. W. Harr.* 190, 190 *A.* 294, 296. There appears to be nothing abnormal or unnatural in the conduct of the plaintiff. Undoubtedly, the plaintiff's actions resulted in the presentation of temptation to the defendant. Unquestionably, he would have been more faithful to his marriage vows had he taken greater precautions to protect the defendant against her own weakness. As a matter of law, however, I do not believe that the plaintiff was obliged to forego his own proper and ordinary recreation at the risk of being charged with the corrupt intent to make his wife an habitual drunkard. It is concluded, therefore, that the evidence does not establish connivance by the plaintiff.

Finally, there is the question of whether the plaintiff may be presumed to have condoned the offense by reason of continued cohabitation after knowledge of the defendant's habit. Habitual drunkenness is a "continuing" cause of divorce. It is well established that the doctrine of condonation by continued cohabitation is not applicable to causes of divorce of this nature. See *Dorian v. Dorian,* 298 *Ill.* 24, 131 *N. E.* 129; 1 *Nelson, Divorce and Annulment,* (2d Ed.) § 11.05.

Accordingly, a decree *nisi* will be granted.